IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,

    Plaintiff,

v.

PORTLAND STATE UNIVERSITY,

    Defendant.

Case No. 3:13-cv-01416-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff's Complaint is a 37-page narrative statement of events which transpired during and after Plaintiff was a student enrolled at Portland State University. Plaintiff alleges Portland State University committed the torts of slander and fraud against

1 - ORDER TO DISMISS -

Plaintiff by attempting to collect a disputed debt from Plaintiff. By way of remedy, Plaintiff seeks money damages as well as injunctive relief preventing Portland State University from continued attempts to collect the disputed debt.

## STANDARDS

When a party is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

    (B)  the action . . .

        (I)  is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2 - ORDER TO DISMISS -

misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Absent an express waiver, the Eleventh Amendment prohibits suits against a state or a state agency in federal court on the basis of violations of state law. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 75 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124-25 (1984); *Cholla Ready Mix, Inc. v.*

3 - ORDER TO DISMISS -

*Civish*, 382 F.3d 969, 973-74 (9th Cir. 1984). The Amendment is based upon the presumption that each state is a sovereign entity within the federal system and that it is inherent in the nature of sovereignty not to be amenable to lawsuits without the state's consent. *Seminole Tribe*, 517 U.S. at 54. Eleventh Amendment immunity applies to the state, its agencies, and its officials when acting in their official capacities. *See Choka v. McClellan*, 2010 WL 5825522, at *2 (D.Or. Dec. 28, 2010) ("[t[he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state") (citation omitted).

State universities are considered to be "arm[s] of the state," that receive the benefit of Eleventh Amendment immunity. *See e.g., Hagel v. Portland State Univ.*, 237 F. Appx. 146, 148 (9th Cir. 2007) (holding that Portland State University was entitled to Eleventh Amendment immunity); *Rounds v. Or. State Bd. Of Higher Ed.*, 166 F.3d 1032, 1035 (9th Cir. 1999) (holding that the Oregon State Board of Higher Education and the University of Oregon were entitled to Eleventh Amendment immunity); *Houston v. Univ. of Oregon*, 2004 WL 1612950, at *4 (D.Or. Feb. 25, 2004) (holding that the University of Oregon was entitled to Eleventh Amendment immunity).

The Oregon Tort Claims Act ("OTCA") does not waive Oregon's Eleventh Amendment immunity to suit in federal court. Or. Rev. Stat. §§ 30.265-30.300; *Pennhurst*, 465 U.S. at 99 n. 9 ("a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts"); *Webber v. First Student, Inc.*, --- F.Supp.3d ---, 2013 WL 773732 (D.Or. Feb. 26, 2013) (OTCA "does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court"); *Estate of Pond v. Oregon*, 322 F.Supp.2d 1161, 1165 (D.Or. 2004) (same).

Plaintiff's allegations of tort claims against Portland State University are barred by sovereign immunity. Accordingly, this Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Because it is clear that Plaintiff cannot cure the deficiencies of his Complaint by amendment, the dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 6th day of September, 2013.

*Anna J. Brown*
ANNA J. BROWN
United States District Judge